The People of the State of New York, Appellant, v. Henry Horowitz and Transbrook Theatres, Inc., Respondents.—

No opinion. Wenzel, Acting P. J., MacCrate, Schmidt and Ughetta, JJ., concur; Beldock, J., dissents and votes to reverse the order and to deny the motion insofar as it seeks a dismissal of the indictment, with the following memorandum: On May 29, 1953, complainant and respondents entered into an agreement whereby respondents, the owners of two theatres, gave complainant the exclusive concession for the sale of candies and other wares in both theatres for a period of five years from June 1, 1953. Com-

plainant deposited $7,500 as advance rent and security for the performance by complainant of the agreement. Respondents agreed to repay complainant any unamortized security and advance rent if the theatres were closed for two weeks or longer. The theatres were closed at the end of August, 1953. Respondents failed to repay to complainant the balance of $5,206.01 due it under the terms of the agreement. On October 1, 1954, an indictment was filed charging respondents with grand larceny in the first degree under sections 1290 and 1302 of the Penal Law. Although complainant was only a licensee, it deposited or advanced money on a contract for the use of real property as security for the performance of the contract or to be applied to payments upon such contract when due. Under section 233 of the Real Property Law, such money, until repaid or so applied, continued to be that of complainant and was required to be held in trust by respondents. In my opinion, a transaction comes within that section whether the money deposited or advanced is that of a licensee or a tenant. The section does not state that it is applicable only to a landlord-tenant relationship. The language of the section is equally applicable to a licensor-licensee relationship. To hold that misappropriation of a licensee's money is not larceny is to permit an evasion of the statute, which the language does not authorize.